## G. B. LOCKE v. T. B. HULING.

A demurrer should be sustained to a petition against the drawer of a bill, which showed that the suit was brought subsequently to the second term of the court after the protest of the bill, if the transaction be not alleged to have been between merchant and merchant.

By the law-merchant, a notary cannot present bills for acceptance or payment, by a clerk or deputy.

Our statute seems to contemplate, that the duties of a notary are personal to himself.

If it be properly shown that a notary may, by the law of the place where the bill is payable, present it for acceptance or payment by a deputy, the courts of this state will treat a protest made on such presentment, as valid.

APPEAL from Williamson. Tried below before the Hon. Edward H. Vontress.

This was a suit by G. B. Locke against T. B. Huling, on a bill of exchange for $200, drawn by him on Bradly, Williams & Co., New Orleans, dated Memphis, June 7th, 1855, and payable to the order of the plaintiff, four months after date. The petition was filed May 3d, 1858.

The defendant excepted to the petition, because suit had not been brought either to the first or second term of the court, after the said bill was payable, and it was not alleged that the transaction, out of which the suit originated, was one between merchant and merchant.

The exception was sustained; whereupon the plaintiff amended his petition, and charged that the bill sued on was given in a transaction between merchant and merchant.

The defendant filed a number of answers and amended answers, setting up different matters of defence; but as the sufficiency of the protest was the only point involved in the decision, it is unnecessary to state them.

Upon the trial, the plaintiff offered in evidence, protests of the bill sued on, for non-acceptance and for non-payment; to the reading of which the defendant objected, because the first was not

authenticated by the notary's seal, and in both of them, it appeared, that the bill had been presented and acceptance and payment demanded, not by the notary but by his deputy. The objection was sustained, and the plaintiff excepted.

The plaintiff also offered in evidence, a letter from the defendant, tending to rebut the allegations in his answer; and also the deposition of one Jones, to prove that the plaintiff was, at the time the bill was given, a commission merchant; but, upon the defendant's objection, the letter and deposition were excluded; to which the plaintiff excepted. There was a verdict and judgment for the defendant, and the plaintiff appealed.

*Hancock & West*, for the appellant.

*Thomas P. Hughes*, for the appellee.

BELL, J.—We are of opinion that there is no error in the judgment of the court below, for which it can be reversed.

The demurrer to the plaintiff's original petition was properly sustained. The petition did not allege that the transaction out of which the suit originated, was a transaction between merchant and merchant, their factors and agents. Unless the transaction was shown to be one between merchant and merchant, their factors and agents, the drawer of the bill of exchange or draft, could only be bound by the institution of suit, in the manner prescribed by the statute. The petition showed that suit had not been instituted, either at the first or second term of the court, after the maturity of the draft and its protest for non-payment. That the suit was barred by limitation, was specially alleged, as a ground of exception to the sufficiency of the petition.

Nor do we think that the court below erred in ruling out the notarial acts, which were offered in evidence. The protest for non-acceptance, was without the official seal of the notary. We do not think it necessary to decide whether the official seal of the notary is necessary to the validity of his certificate or not.

Locke v. Huling.

We think that the protest for non-acceptance, and the protest for non-payment, were without validity, because, in each case, the presentment of the draft was made, not by the notary himself, but by his deputy. We are of opinion, that the law-merchant does not recognise the right of a notary to cause presentment of bills, or drafts, for acceptance, or payment to be made by a clerk, or deputy. This opinion was intimated by Mr. Chitty in the seventh edition of his Treatise on Bills, and led to an interesting correspondence between the notaries of the cities of Liverpool and London, and the author. This correspondence may be found at the 458th page of the eleventh American from the ninth London edition of Mr. Chitty's work.

It has been decided in this country, by the Supreme Court of New York, in the case of the Onondaga County Bank v. Bates, 3 Hill, 53, that the duties of a notary, in presenting promissory notes and bills of exchange, cannot be performed by his clerk, or a third person. Our statute seems to contemplate that the duties of a notary are personal to himself. The provision is, that "it shall be the duty of every notary public, who shall protest any bill of exchange, or promissory note, for non-acceptance, or non-payment, to set forth in his protest, and in his notarial record, a full and true statement of what shall have been done *by him*, in relation thereto."

The petition in this case alleges, that the draft sued on, was drawn on a house in New Orleans, and that it was protested for non-acceptance and non-payment in New Orleans; but there is no allegation, that New Orleans is in the state of Louisiana, nor is there either allegation, or proof, that by the laws of Louisiana, a notary may act by deputy, in making presentment of bills for acceptance and payment. If it had been shown in the proper manner, that the statute law of Louisiana authorized notaries in the city of New Orleans, to make presentment of bills for acceptance and payment, by deputy, then the courts of this state would treat protests, made upon such presentments, as valid. But nothing of the kind was shown in this case, and the general rule of the law-merchant must apply. Without showing demand of

the draft, protest and notice, the plaintiff could not recover in his action. It was not error, therefore, for which the judgment can be reversed, if error at all, to rule out the letter from Huling to the plaintiff, and the testimony of Jones. The judgment of the court below is affirmed.

Judgment affirmed.